9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Wallace FIELDS, Defendant-Appellant.
 No. 92-6661.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1993.
 
 Before: GUY and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Wallace Fields, was convicted after a jury trial of possession of cocaine base with intent to distribute. 21 U.S.C. Sec. 841(a)(1). On appeal defendant raises only sentencing issues. He argues that a lesser quantity of cocaine should have been attributed to him for sentencing purposes, and that he should not have been denied a two-point reduction for acceptance of responsibility. We are unpersuaded by either of defendant's arguments, and we affirm.
 
 I.
 
 2
 Undercover Officer Donald Robinson made a crack cocaine purchase from Fields using marked money. The cocaine Robinson received was taken from a small plastic bag. As soon as this purchase was completed, Robinson signaled other officers to move in for the arrest. As the other officers closed in, Fields attempted to flee. He was stopped and arrested by Officer Oliver, who took a plastic bag containing crack cocaine from defendant's hand. Another officer, Sergeant Jamison, found a small pill bottle containing cocaine in Field's pocket during a pat-down search incident to the arrest. Two other officers witnessed the recovery of the pill bottle. Nonetheless, at trial Fields denied possession of both the plastic bag and the pill bottle.
 
 
 3
 At trial, the court elected to submit advisory interrogatories to the jury as to the plastic bag and the pill bottle.[1] Defendant did not dispute the quantity of cocaine involved in the hand-to-hand sale. In its response to the interrogatories, the jury found by a vote of eight to three that defendant had possessed the plastic bag. As to the pill bottle, the jury voted six to four that the defendant did not possess the bottle.[2]
 
 
 4
 The presentence report recommended defendant be held accountable for all the cocaine including that in the pill bottle. The district judge split the difference, and found by a preponderance of the evidence that Fields should be charged with the quantity of cocaine in the plastic bag but not the pill bottle.
 
 II.
 The Quantity of Drugs
 
 5
 Little need be said on this issue. The judge was in no way bound by the jury's answers to the advisory interrogatories, and this record would have supported a finding by a preponderance of the evidence that the defendant should be held accountable for all the cocaine. The fact that the trial judge elected to give the defendant the benefit of the doubt as to the pill bottle in no way detracts from the soundness of his decision as to the plastic bag. Defendant's argument that once interrogatories are submitted, the court's hands should be tied unless the jury unanimously concludes the defendant should be held accountable is wholly devoid of merit.
 
 III.
 Acceptance of Responsibility
 
 6
 Under section 3E1.1(a) of the sentencing guidelines, a defendant may be granted a two-point reduction in his base offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." In denying this reduction to the defendant, the trial judge stated:
 
 
 7
 On the other hand, even though Mr. Fields admitted that he had some crack and that he sold some to the police officer, I can't credit his testimony as being entirely truthful at the trial. I never did figure out what it was about those rocks that he--why he said they weren't his, or the ones that he sold, but it just wasn't convincing. And I don't believe under the circumstances of the entire case, taken in balance, that I ought to give Mr. Fields the two point reduction for acceptance of responsibility. Indeed, he is not being denied those two points because he elected to go to trial, but because on balance I do not think his admissions indicate a full acceptance of responsibility for the acts of which he has been convicted.
 
 
 8
 (App. 162.)
 
 
 9
 Of all the sentencing issues we review under an abuse of discretion standard, we probably are most reluctant to second-guess a district judge on the decision relative to acceptance of responsibility. Particularly, as is the case here, when the judge presided over a trial at which the defendant testified, even wider latitude is afforded to the trial judge's determination.
 
 
 10
 We find nothing in this record to suggest an abuse of discretion.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The authority for submitting advisory interrogatories is found in our decision in United States v. Prior, 941 F.2d 427 (6th Cir.), cert. denied, 112 S.Ct. 613 (1991)
 
 
 [2]
 Presumably, this was a 12-person jury. The parties offer no explanation for the votes, which added up to 11 relative to the plastic bag, and 10 relative to the pill bottle